IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANICE DRAPER, BRAD CLEARWATER, and JULIE NEPOSCHLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3138 |
| TIMOTHY MARTIN, MICHAEL R. STOUT, SCOTT DOUBET, ROBERT MILLETTE, and ROBIN BLACK, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Dismiss (d/e 14). Plaintiffs Janice Draper, Brad Clearwater, and Julie Neposchlan are former employees of the Illinois Department of Transportation (IDOT). They filed the instant two-count Complaint (d/e 1) on June 30, 2006, alleging that Defendants violated their Constitutional rights in terminating their employment with IDOT. Count I alleges that Plaintiffs were terminated based on political considerations in violation of their First Amendment rights. Count II alleges that Plaintiffs were denied their

1

property interest in their positions without due process of law. Defendants assert that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(1) based on the fact that the Complaint is barred by the statute of limitations. Alternatively, Defendants contend that Court II fails to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion to Dismiss is denied.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Plaintiffs. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The following facts are taken from the allegations of the Complaint. Plaintiffs were technical employees with IDOT and were certified in their positions. Each of the Plaintiffs was employed in a position that IDOT determined to be protected from hiring or discharge based on political considerations. Such positions are commonly referred to as Rutan

protected. See Rutan v. Republican Party of Illinois, 497 U.S. 62, 74 (1990).

In November 2002, Governor Rod Blagojevich was elected Governor of Illinois. He was sworn into office the following January. Blagojevich is affiliated with the Democratic party. The prior three Governors of Illinois were affiliated with the Republican party and served terms from 1977 to 2003.

According to the Complaint, a common scheme existed among Defendants and Governor Blagojevich to terminate State of Illinois employees who were perceived to be opponents of the Blagojevich administration and to create employment opportunities for political supporters of Governor Blagojevich. The Complaint alleges that, in furtherance of this scheme, Defendants terminated the Plaintiffs' employment under the pretense of an agency material reorganization. According to the Complaint, "[e]ach of the plaintiffs received a letter signed by Scott Doubet substantially in the form in Exhibit A or B, attached hereto asserting that the Department was 'undergoing material reorganizations' and informing the recipient plaintiff that his or her position 'is targeted for

abolition.'" Complaint, ¶ 13.[1]

The Complaint alleges that Defendants' conduct was a willful and deliberate attempt to deprive Plaintiffs of their employment in retaliation for the fact that they were not supporters of Governor Blagojevich and the Democratic Party of Illinois.  The Complaint further alleges that Plaintiffs had a property interest in continued employment by virtue of the Illinois Personnel Code, Illinois Employee Personnel Rules, the IDOT Personnel Rules and/or Union Contract.  Plaintiffs assert that their employment was terminated without any due process.  Plaintiffs filed their two-count Complaint on June 30, 2006.  Defendants move to dismiss arguing: (1) Plaintiffs' Complaint is barred by the statute of limitations and (2) Count II fails to state a claim.

    A.    STATUTE OF LIMITATIONS

Defendants assert that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs' Complaint is barred by the statute of limitations.  The Court notes that the statute of limitations is an affirmative

---

[1] The Court notes that the copy of the Complaint that was electronically filed with the Court does not have any attached exhibits.  Defendants, however, have provided copies of Plaintiffs' Exhibits A and B as attachments to their Memorandum of Law in Support of Defendants' Motion to Dismiss (Defendants' Memorandum).  Defendants' Memorandum, Ex. A & B.

defense, which does not affect subject matter jurisdiction. Fed. R. Civ. P. 8(c). Therefore, Rule 12(b)(1) is not the appropriate vehicle for Defendants' argument. The Seventh Circuit has noted that it is:

> "irregular" to dismiss a claim as untimely under Rule 12(b)(6). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.

Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (citations omitted). With this in mind, the Court analyzes Defendants' statute of limitations argument as a request for dismissal under Rule 12(b)(6).

The applicable statute of limitations for Plaintiffs' claims is two years. See Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004). Federal law governs the date of accrual. Id. The Seventh Circuit has held that "[a] § 1983 claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (internal quotations and citations omitted). In analyzing accrual, the Court employs a two-step inquiry. "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That date

5

should coincide with the date the plaintiff knows or should know that her rights were violated." Id. (internal quotations and citations omitted).

Defendants, citing numerous cases, assert that Plaintiffs' causes of action accrued at the time that they discovered that they were to be laid off, not at the time the layoffs became effective. Plaintiffs' Complaint was filed June 30, 2006. Defendants assert that Plaintiffs' claims accrued more than two years prior to this date. To support their argument, Defendants point the Court to Exhibits A and B, which are form letters dated June 1, 2004, and May 24, 2004, respectively. Defendants' Memorandum, Ex. A & B. Defendant's assert that "Plaintiffs were told that they were to be laid off prior to June 30, 2004." Id., p. 8. Plaintiffs argue that the discovery rule and equitable tolling apply to extend the deadline for filing suit. The Court need not reach Plaintiffs' arguments, however, because Defendants' assertion that Plaintiffs discovered that they were to be laid off prior to June 30, 2004, is not supported by the exhibits or the allegations of the Complaint.

The Complaint is devoid of allegations regarding the date on which Plaintiffs discovered that they were to be laid off. The Complaint alleges as follows: "Each of the plaintiffs received a letter signed by Scott Doubet

substantially in the form in Exhibit A or B, attached hereto asserting that the Department was 'undergoing material reorganizations' and informing the recipient plaintiff that his or her position 'is targeted for abolishment.'" Complaint, ¶ 13. Exhibits A and B are blank form letters. Exhibit A bears the date June 1, 2004, and Exhibit B bears the date May 24, 2004. Defendants' Memorandum, Ex. A & B. The Court first notes that the Complaint alleges only that Plaintiffs received letters that were "substantially similar" to Exhibits A and B. Complaint, ¶ 13. Viewed in the light most favorable to Plaintiffs, this allegation is insufficient to allow the Court to conclude that Plaintiffs received letters bearing the dates June 1, 2004, and May 24, 2004. Moreover, there is nothing in the record to indicate when Plaintiffs received the letters notifying them of the layoff. See Hileman, 367 F.3d at 696 (holding that accrual inquiry involves an analysis of when plaintiff knew or should have known of the injury). Because Defendants rely solely on the allegations of the Complaint and Exhibits A and B in making their statute of limitations argument, their request to dismiss Plaintiffs' Complaint on this basis is denied.

B.   DUE PROCESS CLAIM

Defendants ask the Court to dismiss Count II, arguing that Plaintiffs cannot prove any set of facts which would establish that they had a property interest in their positions with IDOT. To state a due process claim, Plaintiffs must allege that they had a property interest in their positions and that the Defendants denied them that property interest without due process. Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1, 143 F.3d 351, 358 (7th Cir. 1998). A property interest in employment does not arise from the Constitution, but must arise from an independent source, such as state law or a contract. The source of the right must give the employee a legitimate claim of entitlement to continued employment, not just a hopeful expectation. Crim v. Board of Educ. of Cairo School Dist. No. 1,147 F.3d 535, 545 (7th Cir. 1998).

Plaintiffs allege that they had a property interest in their positions "pursuant to the Illinois Personnel Code, Illinois Employee Personnel Rules, the IDOT Personnel Rules and/or Union Contract." Complaint, ¶ 28. It is clear that the Illinois Personnel Code cannot provide a basis for Plaintiffs' claims. Plaintiffs allege that they were technical employees with IDOT. The Personnel Code expressly exempts "[t]he technical and engineering

8

staffs of the Department of Transportation . . . ." 20 ILCS 415/4c(12). Viewing the allegations in the light most favorable to Plaintiffs, however, it is not beyond doubt that Plaintiffs cannot succeed based on one of the other alleged sources.

Turning first to the Illinois Employee Personnel Rules and the IDOT Personnel Rules/Manual, the Court notes that neither side has presented the Court with citations to or copies of these documents. Because these documents are referred to in the Complaint and central to Plaintiffs' claims, the Court could consider concededly authentic copies without converting the Motion to one for summary judgment. Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002) (collecting cases). However, without examining the documents, the Court cannot conclude that they do not create a contract or give Plaintiffs a property interest in their positions. Defendants' request to dismiss Count II for failure to state a claim is denied.

Additionally, the Complaint identifies a "Union Contract" as the source of Plaintiffs' property interest. Defendants have provided the Court with a copy of an American Federation of State, County and Municipal Employees Council 31, AFL-CIO (AFSCME) Contract. Defendants' Memorandum, Ex. C. Plaintiffs object to the Court considering the

9

AFSCME Contract, asserting that "Plaintiffs have not alleged they were members of AFSCME or governed by the provisions of the AFSCME contract." <u>Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (d/e 18)</u>, p. 11.  The Court views Plaintiffs' objection as a concession that the AFSCME Contract is not a source of their alleged property interest.  It is unclear, however, whether Plaintiffs are maintaining that they receive a property interest from some union contract other than the one presented by Defendants.  Because Count II remains viable for the reasons discussed above, the Court need not address the scope of Plaintiffs' concession at this point.

THEREFORE, for the reasons set forth above, Defendants' Motion to Dismiss (d/e 14) is DENIED.  Defendants are directed to answer Plaintiffs' Complaint on or before December 29, 2006.  The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:  November 27, 2006.

       FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE