IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANICE DRAPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-3138 |
| | ) | |
| TIMOTHY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Defendants' Bill of Costs (d/e 71) and Plaintiffs' Objection to Defendants' Bill of Costs [Doc. 71] (d/e 75). The Defendants are presumed to be entitled to recover their costs because they prevailed at summary judgment. Fed. R. Civ. P. 54(d). The Defendants are presumed to be entitled to recover the reasonable and necessary costs for:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for

1

> use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d). Reporter attendance fees are recoverable as part of the cost of securing transcripts of depositions. Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). This Court must, in its discretion, determine the appropriate amount of costs to be taxed. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

The Defendants seek costs in the sum of $7,865.81. The Plaintiffs raise three objections: (1) the costs should not be taxed because the Plaintiffs were laid-off state employees suing government officials, and the government officials did not pay the costs personally because the State of Illinois defended them; (2) the costs for deposition transcripts should not be recoverable because the transcripts were not necessary to prepare the defense; and (3) copying costs should not be recoverable because the Defendants have not shown that the copies were necessary for use in the case.

The first objection is overruled. The Plaintiffs are not pleading indigence. The Plaintiffs cite no authority for the proposition that state employee defendants should not recover costs because they are indemnified by the state. The case cited by the Plaintiffs is persuasive authority from another Circuit. Allstate Insurance Company v. Michigan Carpenters' Council Health & Welfare Fund, 760 F.Supp. 665, 670 (W.D.Mich. 1991). The court in Allstate denied costs because the case was close and difficult. Id. at 670. In fact, the law changed shortly after the judgment became final in Allstate. Id. at 668. This case was not close; the Plaintiffs brought this suit after their claims were barred by the statute of limitations. See Opinion entered July 6, 2010 (d/e 69), at 17-25. The Defendants were forced to defend this case for approximately four years. The Defendants are entitled to their costs.

Plaintiffs next object that the Defendants have not shown that the $6,241.74 in deposition costs were necessary to defend this case. Defendants counter that they are only seeking recovery for the depositions used to support or oppose summary judgment. Defendants' Response to Plaintiffs' Objection to Defendants' Bill of Costs (d/e 76), at 2. The Court agrees with the Defendants. The depositions at issue were used in

connection with summary judgment. The objection is overruled. The $6,241.74 in deposition costs is allowed.

Last, the Plaintiffs object to the $1,390.70 in copying costs. The Plaintiffs object that the Defendants provide no detail explaining why these costs were necessary. The Plaintiffs note that the Defendants incurred no copying costs in filing material because all materials were filed electronically and served electronically. The Defendants respond that the costs were incurred defending this case. The support for the copying costs is somewhat thin, but the Court will allow the costs. This case took approximately four years to litigate. The Plaintiffs alleged that the Defendants participated in a government-wide scheme to fire political opponents of former Governor Rod Blagojevich to create opportunities for political supporters of Governor Blagojevich. Complaint (d/e 1), ¶ 21-22. The allegation of a government-wide scheme required extensive discovery that took years and required the production of large numbers of documents. In light of the Plaintiffs' theory of the case and the extensive discovery that resulted from that theory, the copying request is reasonable. In addition, the electronic filing system did not obviate the Defendants' need to produce paper copies of the voluminous exhibits filed in connection with summary judgment. The Defendants were

required to supply the Court with a paper courtesy copy of these exhibits. <u>Local Rule</u> 5.8(A). The objection is overruled.

THEREFORE, Defendants' Bill of Costs (d/e 71) is ALLOWED and Plaintiffs' Objection to Defendants' Bill of Costs [Doc. 71] (d/e 75) is OVERRULED. The Court awards the Defendants $7,865.81 in costs. The Clerk is directed to enter an amended judgment.

ENTERED this 20th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE